UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUCIE M. THOMPSON, | ) | CASE NO.4:19CV2706 |
| | ) | |
| Plaintiff, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| ANIMAL WELFARE LEAGUE OF | ) | ORDER |
| TRUMBULL COUNTY, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion for Leave to Permit Plaintiff to Extend Discovery Cut-Off. (ECF # 33). For the following reasons, the Court denies the Motion subject to refiling should Plaintiff's claims survive dispositive motions.

By way of background, according to her First Amended Complaint, Plaintiff Lucie M. Thompson ("Thompson") is a Trumbull County resident and owner of a dog named Korn, who was seized by Defendants in 2017. Thompson alleges Defendants Animal Welfare League of Trumbull County, Inc. ("AWL") and Harold Firster ("Firster"), an employee of AWL, along with several unnamed Doe employees of AWL, violated her Due Process rights when they took her dog without a hearing. The Court set a case management schedule with discovery to be completed by November 2, 2020 and subsequently extended the discovery period to May 3, 2021 per the request of the parties. Dispositive motions were due June 30, 2021. On that date,

Plaintiff requested an extension of the dispositive motion date until July 14, 2021, to allow the parties to continue settlement negotiations, which the Court granted. On July 14, no dispositive motions were filed; instead, Plaintiff filed her Motion. According to Plaintiff's attorney Michaela Huth, she propounded discovery on Defendants on the last day of discovery cut-off May 3. This delay was due to Lead Counsel Richard Rosenthal suffering an injury from a saw in April 2021, which required "multiple amputation and other surgeries" to his hand. In addition, Huth alleges Rosenthal is still suffering the effects of Covid, including neurological issues. Huth contends she is not well-versed in discovery rules and did not intend any delay but was simply backlogged due to Rosenthal's medical issues. Thirty days after she issued her discovery requests to Defendants they responded that the requests were untimely and they would not provide any responses. Huth argues that the thirty day delay prevented her from timely raising the discovery dispute within the Local Rule 37 time limit of ten days after close of discovery to file a motion to compel. She further contends she was delayed in submitting the motion for extension due to the parties' engaging in settlement negotiations, which ultimately proved fruitless. Plaintiff does not ask for additional discovery but only an order that Defendants respond to the discovery already propounded on them.

Defendants oppose the motion contending that Local Rule 16.1(b)(6) expressly states all discovery requests must be served on opposing counsel with sufficient time to allow responses within the discovery cut off date set by the Court.

Local Rule 16.1 reads as follows:

> (6) "Discovery cut-off" is that date by which all responses to written discovery shall be due according to the Federal Rules of Civil Procedure and by which all depositions shall be concluded. Counsel must initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery cut-off

date so as to comply with this rule, and discovery requests that seek responses or schedule depositions after the discovery cut-off are not enforceable except by order of the Court for good cause shown.

Defendants contend this case has been pending since 2019, yet discovery was not propounded until almost a year after the case was filed. Plaintiff has failed to show good cause why an accident that occurred in April 2021, one month before the discovery cut-off date, prevented her from preparing and propounding requests to Defendants prior to that time. Because she filed her motion on the date dispositive motions were due, Defendants argue they could not file their own motion without knowing what discovery will be permitted and/or relied on. Lastly, Defendants contend the effect of denying the motion to extend will be minimal here since this matter was already fully litigated in a criminal trial and the facts are well-known to both parties.

The Northern District of Ohio's Local Rule 37.1(b) reads in pertinent part:

[n]o discovery dispute shall be brought to the attention of the Court, and no motion to compel may be filed, more than ten (10) days after the discovery cut-off date.

"The Northern District of Ohio has adhered to the Local Rule 37.1(b) time limit." *Balsley v. LFP, Inc., N.D. Ohio* No. 1:08 CV 491, 2010 WL 11561883, *2 (Jan. 26, 2010).

Here, the Court finds Plaintiff has failed to show good cause why she delayed nearly two months after the extended discovery cut-off date to first apprise the Court that she was unable to propound discovery timely within the extended cut-off date set by the Court. The Court initially set a fact discovery cut-off date of November 2, 2020, giving the parties over six months to complete fact discovery. In February 2021, the Court gave the parties an additional three months of discovery until May 3, 2021 and a new dispositive motion deadline of June 30, 2021.

On June 30, 2021, Plaintiff moved the Court for an extension of time until July 14, 2021, to file dispositive motions because the parties were engaged in settlement discussions.  No mention of any need for a discovery extension was requested.   Then on July 14, 2021, the new dispositive motion date given by the Court per Plaintiff's request, Plaintiff file her Motion in lieu of a dispositive motion.

Plaintiff has failed to show good cause why an extension is warranted.   There is no explanation by Plaintiff why discovery requests were not propounded in the first eight months of discovery set by the Court.  Nor did Plaintiff explain why she failed to request an extension of time within the discovery period set by the Court or even after lead counsel's injury.   Lastly, there was nothing preventing her from filing a motion to compel or request for extension within the ten day period set by Local Rule 37.1.  In the absence of good cause, the Court denies the Motion for Leave to Permit Discovery.  The parties are instructed to file their dispositive motions no later than February 17, 2022.  Opposition and Reply briefs shall be filed by Rule.

IT IS SO ORDERED.


    /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge